Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
23LA0199
St. Clair County
2/23/2023 9:24 AM
21588352

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

NIESHA ANTHONY, individually and as ) 
parent and next friends of ZARIAH ) 
ANTHONY, a minor, ) 
       ) 
      Plaintiffs, ) 
       ) 
vs. )    Case No.  **23LA0199**
       ) 
O'FALLON TOWNSHIP HIGH SCHOOL ) 
DISTRICT 203 BOARD OF EDUCATION, ) 
TWANA DOLLISON, RICHARD BICKEL ) 
and DR. DARCY BENWAY, ) 
       ) 
      Defendants. ) 

## COMPLAINT

COMES NOW Plaintiff, Niesha Anthony, individually and as parent and next friend of Zariah Anthony, a minor, and for their Complaint against the Defendants, O'Fallon Township High School District 203 Board of Education, Twana Dollison, Richard Bickel and Dr. Darcy Benway, state the following:

## NATURE OF ACTION

This is an action to correct unlawful racial discrimination, bullying and retaliation by the board of education of an Illinois public school district and its employees/agents. Plaintiff, Zariah Anthony ("ZARIAH"), is an African American minor who, at all times relevant herein, was a student enrolled at O'Fallon Township High School ("OTHS"). ZARIAH had excellent grades and no history whatsoever of any disciplinary issues.

From nearly the onset of the 2022-2023 school year, ZARIAH was subjected to relentless harassment, threats of violence, intimidating conduct and bullying by a group of students (the "Gang of Bullies"). ZARIAH and her mother, Niesha Anthony, repeatedly reported the

{M1172637.6}

**EXHIBIT A**

harassment, threats of violence, intimidating conduct and bullying to school officials, who took little to no action in response. On May 12, 2022, Twana Dollison, a Vice-Principal at OTHS, told ZARIAH words to the effect of: "*All the dark-skinned people are causing all of the problems lately.*" When ZARIAH and her mother, Niesha Anthony, reported Vice-Principal Dollison's racially derogatory statement to school officials, they retaliated against ZARIAH by, among other things, refusing to take remedial action, refusing to conduct an investigation, refusing to follow applicable law and school procedures, and recording on ZARIAH's disciplinary record that her mother had reported Vice-Principal Dollison *"about me being a racist."* Thereafter, ZARIAH was physically assaulted in an unprovoked attack by the Gang of Bullies. In clear retaliation for reporting racial discrimination, threats of violence and bullying to school officials, the Defendants suspended ZARIAH and expelled her for the remainder of the school year, expressly stating that it had taken into consideration Zariah's previous reports as the grounds for doing so.

## **PARTIES**

1.      Plaintiff Zariah Anthony ("ZARIAH") is African American, a minor, and a citizen and resident of St. Clair County, Illinois.

2.      Plaintiff ZARIAH is the natural born daughter of Niesha Anthony.

3.      Plaintiff, Niesha Anthony, is African American, the mother of ZARIAH and a citizen and resident of St. Clair County, Illinois.

4.      O'Fallon Township High School District 203 is, and at all times relevant herein was, a body politic and a school district organized and operating under the laws of the State of Illinois, located in St. Clair County.

5.      The Board of Education of O'Fallon Township High School District 203 ("Defendant" or "the Board") is charged with, and responsible for, the operation of public schools

within the district, including O'Fallon Township High School ("OTHS"), and at all times relevant herein, was acting in that capacity under the color of state law.

6.     O'Fallon Township High School District 203 is, and at all times relevant herein was, a program or activity receiving federal financial assistance within the meaning of Title VI, 42 U.S.C. § 2000d.

7.     O'Fallon Township High School District 203 is, and at all times relevant herein was, a unit of State, county, or local government in Illinois within the meaning of the Illinois Civil Rights Act of 2003, 740 ILCS § 23/5.

8.     Defendant, Twana Dollison, is a citizen and resident of O'Fallon, St. Clair County, Illinois.  At all times relevant herein, Twana Dollison served and serves as a Vice-Principal of OTHS.

9.     Defendant, Richard Bickel, is a citizen and resident of O'Fallon, St. Clair County, Illinois.  At all times relevant herein, Richard Bickel served and serves as a Principal of OTHS.

10.     Defendant, Dr. Darcy Benway, is a citizen and resident of O'Fallon, St. Clair County, Illinois.   At all times relevant herein, Dr. Darcy Benway served and serves as a Superintendent of OTHS.

## **FACTS RELEVANT TO ALL COUNTS**

11.     At all times relevant herein, ZARIAH was enrolled as a student at OTHS.

12.     At all times relevant herein, ZARIAH maintained excellent academic grades and had no history of disciplinary violations or actions at OTHS.

13.     During the 2022-2023 school year, ZARIAH was in the tenth grade.

14.     From nearly the onset of the 2022-2023 school year, ZARIAH was subjected to relentless harassment, intimidating conduct and bullying by a group of students at OTHS (hereinafter referred to as the "Gang of Bullies").

15.     The harassment, intimidation and bullying by the Gang of Bullies included, but was not limited to, name-calling, derogatory slurs, stalking, and threats of violence and physical harm to ZARIAH, and was made orally and by electronic transmission via cellphone, on social media, messaging and other forms of electronic transmission.

16.     The harassment, intimidation and bullying by the Gang of Bullies unreasonably interfered with ZARIAH's educational performance and created an intimidating, hostile, and offensive educational environment.

17.     The harassment, intimidation and bullying by the Gang of Bullies placed ZARIAH in reasonable fear of harm for her person, caused a substantial detrimental effect on ZARIAH's physical and mental health, substantially interfered with ZARIAH's academic performance, and substantially interfered with ZARIAH's ability to participate in or benefit from the services, activities and/or privileges provided by OTHS.

18.     ZARIAH and her mother, Niesha Anthony, repeatedly reported the harassment, intimidation and bullying by the Gang of Bullies to OTHS school officials, including the fact that it was being conducted orally as well as by electronic transmission via cellphone, on social media, messaging and other forms of electronic transmission.

19.     Upon information and belief, other parents of OTHS students similarly reported to OTHS school officials the ongoing harassment, intimidation and bullying of their children by the Gang of Bullies.

20.     OTHS school officials ignored their phone calls and failed to take effective action to address the harassment, intimidation and bullying occurring at OTHS by the Gang of Bullies.

### *"ALL THE DARK-SKINNED PEOPLE ARE CAUSING ALL OF THE PROBLEMS LATELY"*

21.     On or about May 12, 2022, ZARIAH was called into a meeting with OTHS Vice-Principal Twana Dollison, along with other OTHS students.

22.     All but one of the students in attendance at this meeting were African American, including ZARIAH.

23.     During the May 12, 2022 meeting, Vice-Principal Twana Dollison told the students, including ZARIAH, words to the effect of:  ***"All the dark-skinned people are causing all of the problems lately."***

24.     OTHS Board of Education Policy prohibits any person, including a School District employee or agent, from harassing, intimidating or bullying a student on the basis of race or color. (OTHS Board of Education Policy 7:20).

25.     OTHS Board of Education Policy states: "Any District employee who is determined, after an investigation, to have engaged in conduct prohibited by this policy will be subject to disciplinary action up to and including discharge."  (OTHS Board of Education Policy 7:20).

26.     OTHS Board of Education Policy 2:260 states that a student, parent/guardian . . . should notify any District Complaint Manager if he or she believes that the School Board, its employees or its agents have violated his or her rights guaranteed by the State or federal Constitution, State or federal statute, or board policy.

27.     OTHS Board of Education Policy 7:180 further states:  "Students are encouraged to immediately report bullying.  A report may be made orally or in writing to the

Nondiscrimination Coordinator, Building Principal, Assistant Building Principal, Dean of Students, a Complaint Manager, or any staff member with whom the student is comfortable speaking. Anyone, including staff members and parents/guardians, who has information about actual or threatened bullying is encouraged to report it to the District named officials or any staff member."

28.    Vice-Principal Twana Dollison's statement to ZARIAH and a group of African American students to the effect of: ***"All the dark-skinned people are causing all of the problems lately"*** caused a substantial detrimental effect on ZARIAH's mental health and, having been made by a school official in a position of trust and authority, substantially interfered with ZARIAH's ability to participate in or benefit from the services, activities and/or privileges provided by OTHS.

29.    Stunned by this patently racist statement made by a vice-principal of OTHS, ZARIAH reported the racist statement that same day to her mother, Niesha Anthony.

30.    That same day, May 12, 2022, ZARIAH's mother, Niesha Anthony, called the Principal of OTHS, Richard Bickel, and on behalf of her daughter, ZARIAH, reported the racist statement made by Vice-Principal Dollison.

31.    Principal Richard Bickel was, at the time of the complaint, one of the OTHS Complaint Managers specifically designated to receive such complaints.   (OTHS Board of Education Policy 2:260 and 7:20).

32.    OTHS Board of Education Policy requires that the Complaint Manager investigate the complaint or appoint a qualified person to undertake the investigation on his or her behalf. (OTHS Board of Education Policy 2:260).

33.    OTHS Board of Education Policy further states: "The complaint and identity of the Complainant will not be disclosed except: (1) as required by law, this policy, or any collective

bargaining agreement, (2) as necessary to fully investigate the complaint, or (3) as authorized by the Complainant." (OTHS Board of Education Policy 2:260).

34.    Similarly, OTHS Board of Education Policy states: "Reports and complaints of harassment will be confidential to the greatest extent practicable, subject to the District's duty to investigate and maintain an educational environment that is productive, respectful, and free of unlawful discrimination, including harassment." (OTHS Board of Education Policy 7:20).

35.    Contrary to the express terms of OTHS Board of Education Policy, Principal Bickel did not conduct an investigation or appoint a qualified person to undertake an investigation on his behalf.

36.    Contrary to the express terms of OTHS Board of Education Policy, Principal Bickel immediately contacted Vice-Principal Twana Dollison and disclosed ZARIAH's and Niesha Anthony's identities and the racial complaint that they had made against Vice-Principal Dollison.

37.    In response to Principal Bickels' unwarranted violations of OTHS Board of Education Policies, and as a direct result thereof, Vice-Principal Dollison called Niesha Anthony and confronted her about the complaint she had made to Principal Bickel regarding her racist statement.

38.    Stunned that Principal Bickel had so flagrantly violated OTHS Board of Education Policy by informing Vice-Principal Dollison of her racial complaint rather than conducting an investigation, Niesha Anthony terminated the phone call and, on that same date, called OTHS Superintendent Dr. Darcy Benway.

39.    Superintendent Benway was, at the time of the complaint, the OTHS Title IX, Non-Discrimination and Complaint Manager specifically designated to receive such complaints. (OTHS Board of Education Policy 2:260 and 7:20).

40.    Niesha Anthony reported to Superintendent Benway the racist statement made by Vice-Principal Dollison.

41.    Niesha Anthony also reported to Superintendent Benway Principal Bickel's flagrant violations of OTHS Board of Education Policies, including his failure to initiate or conduct an investigation and his unwarranted disclosure of ZARIAH's and Niesha Anthony's identity and their complaint to Vice-Principal Dollison.

42.    Rather than conduct an investigation as mandated by OTHS Board of Education Policy, and without the benefit thereof, Superintendent Benway summarily informed Niesha Anthony that Vice-Principal Dollison could not have made a racist statement to ZARIAH or the other OTHS students in attendance at the May 12, 2022, meeting.

43.    Contrary to the express terms of OTHS Board of Education Policy, Superintendent Benway made the determination that Vice-Principal Dollison could not have made a racist statement to ZARIAH or the other OTHS students without having conducted an investigation.

44.    Contrary to the express terms of OTHS Board of Education Policy, Superintendent Benway made the determination that Vice-Principal Dollison could not have made a racist statement to ZARIAH or the other OTHS students without having appointed a qualified person to undertake an investigation on her behalf.

45.    Contrary to the express terms of OTHS Board of Education Policy, Superintendent Benway refused to undertake an investigation or take any action to otherwise address the racial complaint made by Plaintiff and her mother, Niesha Anthony.

46.    Contrary to the express terms of OTHS Board of Education Policy, Superintendent Benway refused to undertake an investigation or take any action to otherwise address the flagrant

violations of OTHS Board of Education Policies by Principal Bickel as reported to her by Niesha
Anthony.

47.    Upon information and belief, the parents of the other OTHS students in attendance
at the May 12, 2022, meeting similarly contacted Superintendent Benway and other school
officials to report the patently racist statement made by Vice-Principal Dollison.

48.    Upon information and belief, Superintendent Benway similarly informed the
parents of the other OTHS students in attendance at the May 12, 2022, meeting that she had
summarily concluded that Vice-Principal Dollison could not have made a racist statement to
ZARIAH and the other African American OTHS students.

49.    Upon information and belief, Superintendent Benway similarly refused to
undertake any investigation or take any action to otherwise address the racial complaints made by
the parents of the other OTHS students in attendance at the May 12, 2022.

50.    Upon information and belief, none of the OTHS students in attendance at the May
12, 2022 meeting, including ZARIAH, have ever been interviewed or asked questions by the
Defendant or its agents, and no investigation has ever been conducted into the racial complaints
directed against Vice-Principal Dollison.

51.    Instead, Vice-Principal Dollison retaliated against ZARIAH by recording on
ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal
Bickel and Superintendent Benway *"about me being a racist."*

52.    Vice-Principal Dollison knew, or should have known, that her report on ZARIAH's
"Student Discipline Report" would become part of ZARIAH's school record.

53.    Reporting a racist statement made by a vice-principal at a public school does not
constitute a disciplinary offense, nor should it be recorded on a student's disciplinary record.

54.     Reporting a racist statement made by a vice-principal at a public school is a protected activity under the law.

55.     Reporting a racist statement made by a vice-principal at a public school is provided for under the written policies published by OTHS and applicable to ZARIAH.

56.     There can be no legitimate, lawful reason for recording on ZARIAH's disciplinary record the fact that Niesha Anthony reported a racist statement made by Vice-Principal Dollison to ZARIAH and other students.

57.     Vice-Principal Dollison's act of recording on Plaintiff's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* was in clear retaliation for Niesha Anthony and ZARIAH's report of what they and others reasonably believed was a racially discriminatory statement made by Vice-Principal Dollison.

58.     The Defendants sought to conceal this act of retaliation by failing to inform ZARIAH and/or Niesha Anthony that Vice-Principal Dollison had recorded their report of a racist statement made by Vice-Principal Dollison on ZARIAH's disciplinary record, and by failing to afford them notice or an opportunity to rebut, appeal or grieve the patently retaliatory report made by Vice-Principal Dollison.

59.     At all times relevant herein, the Defendants knew, or should have known, that reports of racism and racial discrimination do not constitute disciplinary offenses which should be recorded on a student's disciplinary record.

60.     At all times relevant herein, the Defendants knew, or should have known, of the existence of Vice-Principal Dollison's report on ZARIAH's Student Discipline Report but failed

to take any action to remove, investigate or remedy such report, or take disciplinary action against Vice-Principal Dollison.

61.    OTHS Board of Education Policy states: "Retaliation against any person for bringing complaints or providing information about harassment is prohibited." (OTHS Board of Education Policy 7:20, 2:260 and 2:265.

62.    At all times relevant herein, the Defendants knew, or should have known, that Vice-Principal Dollison's report on ZARIAH's Student Discipline Report would become part of ZARIAH's permanent record.

### RETALIATION, SUSPENSION AND EXPULSION

63.    On or about August 19, 2022, ZARIAH was again subjected to harassment, intimidation and bullying by the Gang of Bullies including, but not limited to, name-calling, derogatory slurs, stalking, and threats of violence and physical harm.

64.    On or About August 19, 2022, ZARIAH reported the harassment, intimidation and bullying by the Gang of Bullies to OTHS administration.

65.    On or about August 19, 2022, ZARIAH met with OTHS Assistant Principal Dan Howe and informed him that she had been harassed, intimidated and bullied by the Gang of Bullies since the beginning of the 2022-2023 school year.

66.    ZARIAH further told Assistant Principal Dan Howe that the Gang of Bullies were following her, calling her names, using derogatory slurs, stalking, and threatening her with violence and physical harm, as well as texting about her and posting about her on social media.

67.    On or about August 19, 2022, Assistant Principal Dan Howe caused one or more members of the Gang of Bullies to sign a document promising not to harass, intimidate or bully ZARIAH any further.

68.    Despite Assistant Principal Dan Howe's efforts, the Gang of Bullies continued to harass, intimidate, threaten and bully ZARIAH

69.    On or about August 19 and 22, 2022, Niesha Anthony called OTHS and left voice mail messages informing OTHS that ZARIAH was continuing to be harassed, intimidated and bullied by the Gang of Bullies, and requested a meeting with OTHS officials.

70.    Upon information and belief, other parents of OTHS students continued to make similar reports to OTHS school officials regarding ongoing harassment, intimidation and bullying of their children by the Gang of Bullies.

71.    Despite these repeated and urgent pleas, OTHS ignored Niesha Anthony's voice mail messages and requests for a meeting.

72.    At all times relevant herein, there was in effect a statute enacted by the Illinois Legislature titled "Bullying Prevention," 105 ILCS 5/27-23.7.

73.    Pursuant to 105 ILCS 5/27-23.7(a), the Illinois Legislature has stated, in relevant part:

> The General Assembly finds that a safe and civil school environment is necessary for students to learn and achieve and that bullying causes physical, psychological, and emotional harm to students and interferes with students' ability to learn and participate in school activities. The General Assembly further finds that bullying has been linked to other forms of antisocial behavior, such as vandalism, shoplifting, skipping and dropping out of school, fighting, using drugs and alcohol, sexual harassment, and sexual violence. Because of the negative outcomes associated with bullying in schools, the General Assembly finds that school districts, charter schools, and non-public, non-sectarian elementary and secondary schools should educate students, parents, and school district, charter school, or non-public, non-sectarian elementary or secondary school personnel about what behaviors constitute prohibited bullying.
>
> . . . No student shall be subjected to bullying:
>
>      (1) during any school-sponsored education program or activity;

(2) while in school, on school property, on school buses or other school vehicles, at designated school bus stops waiting for the school bus, or at school-sponsored or school-sanctioned events or activities;

(3) through the transmission of information from a school computer, a school computer network, or other similar electronic school equipment; or

(4) through the transmission of information from a computer that is accessed at a nonschool-related location, activity, function, or program or from the use of technology or an electronic device that is not owned, leased, or used by a school district or school if the bullying causes a substantial disruption to the educational process or orderly operation of a school. This item (4) applies only in cases in which a school administrator or teacher receives a report that bullying through this means has occurred and does not require a district or school to staff or monitor any nonschool-related activity, function, or program.

74.    Despite the repeated and urgent pleas by ZARIAH and Neisha Anthony, Defendant failed to undertake one or more of the following actions mandated by Illinois law (105 ILCS 5/27-23.7(a)(5)):

a.  Defendant failed to make all reasonable efforts to complete investigations within 10 school days after the date of the report of each incident of bullying was received;

b.  Defendant failed to involve appropriate school support personnel and other staff persons with knowledge, experience, and training on bullying preventions, as deemed appropriate, in the investigation process;

c.  Defendant failed to notify the principal or school administrator or his or her designee of the report of each incident of bullying as soon as possible after each report was received;

d.  Defendant failed, consistent with federal and State laws and rules governing student privacy rights, to provide Niesha Anthony and other parents and guardians of the students who were parties to the investigation information

about the investigation and an opportunity to meet with the principal or school administrator or his or her designee to discuss the investigation, the findings of the investigation, and the actions taken to address the reported incident of bullying;

e.  Defendant failed to prohibit retaliation for asserting or alleging acts of bullying;

f.  Defendant failed to take such other action as mandated by Illinois law and/or OTHS Board of Education Policy to address and remedy the bullying.

75.    On or about September 6, 2022, ZARIAH was peacefully sitting with a group of friends in the cafeteria when members of the Gang of Bullies began harassing, intimidating and bullying ZARIAH and her friends.

76.    ZARIAH ignored the Gang of Bullies and proceeded to walk to class.

77.    Members of the Gang of Bullies then followed ZARIAH, continuing their harassment, intimidation and bullying as ZARIAH walked to class.

78.    The harassment, intimidation and bullying of ZARIAH by the Gang of Bullies became so loud, that it was overheard by Assistant Principal Corey Wallis, who eventually came out into the hallway to see what was happening.

79.    At that moment, one of the members of the Gang of Bullies suddenly approached ZARIAH with the apparent intent of causing ZARIAH violence and physical harm, at which point Assistant Principal Wallis stepped between ZARIAH and the member of the Gang of Bullies to keep them apart.

80.    The member of the Gang of Bullies then attempted to try get past Assistant Principal Wallis for the apparent purpose of causing ZARIAH violence and physical harm, at

which point Assistant Principal Wallis attempted to use a CPI holding technique to restrain and guide the member of the Gang of Bullies away from ZARIAH

81.    At the same time, other members of the Gang of Bullies continued to harass, intimidate and bully ZARIAH, running past other teachers and/or administrators then and there on the scene of the attack in an attempt to continue their harassment, intimidation and bullying of ZARIAH.

82.    One or more members of the Gang of Bullies pushed one of the hall monitors out of the way in order to continue their attack on ZARIAH.

83.    Assistant Principal Dan Howe arrived on the scene and observed Assistant Principal Wallis blocking the member of the Gang of Bullies from going after ZARIAH.

84.    In an effort to defend herself, ZARIAH responded to the physical attacks by the members of the Gang of Bullies.

85.    The member of the Gang of Bullies who initiated the physical attack on ZARIAH continued her efforts to get past Assistant Principal Wallis and other teachers and/or administrators then and there on the scene.

86.    Eventually, Assistant Principal Wallis and Security personnel placed the member of the Gang of Bullies who initiated the physical attack on ZARIAH in a medium to high level holding position and walked her down to the office.

87.    It required both Assistant Principal Wallis and Security personnel to keep the member of the Gang of Bullies from breaking free and heading back to the scene to continue her attack on ZARIAH

88.    Immediately following the attack on ZARIAH by the Gang of Bullies, and in apparent retaliation for reporting racial discrimination and complaining about Defendant's

repeated failure to address ongoing harassment, intimidation and bullying by the Gang of Bullies, Assistant Principal Dan Howe called Niesha Anthony and told her that the Defendant was "*going to get*" ZARIAH for "*mob action*" and kick her out of school.

89.    It is undisputed that the only "*mob*" involved in the September 6, 2022, incident was the Gang of Bullies attacking ZARIAH and who ZARIAH, Niesha Anthony and other parents had repeatedly pled with the Defendants to address.

90.    As it was undisputed that ZARIAH was alone against the Gang of Bullies, there was no rational basis for accusing ZARIAH of "*mob action*."

91.    True to Assistant Principal Dan Howe's threat of retaliation, immediately following the unprovoked attack on ZARIAH by the Gang of Bullies, the Defendant suspended ZARIAH from school ("Out-of-School Suspension") for ten (10) days commencing September 6, 2022, pending further action by the Board.

92.    In its written decision supporting its long term Out-of-School Suspension of ZARIAH, the Board expressly held that Plaintiffs' prior reports of bullying by the Gang of Bullies supported its rationale for the duration of her ten (10) day Out-of-School Suspension.

93.    Reporting bullying at a public school does not constitute grounds for supporting an Out-of-School Suspension.

94.    There can be no legitimate, lawful reason for the Defendants to take into consideration Plaintiffs' prior reports of harassment, intimidation and bullying as grounds for supporting an Out-of-School Suspension.

95.    Taking into consideration ZARIAH and Niesha Anthony's prior reports of harassment, intimidation and bullying as grounds for suspending ZARIAH was in clear retaliation for making said reports.

96.     Defendants' admission that Plaintiffs' prior reports of bullying by the Gang of Bullies supported its rationale for the duration of her ten (10) day Out-of-School Suspension was in clear retaliation for Niesha Anthony and ZARIAH's reports of what they reasonably believed were acts of unlawful and/or unwarranted bullying.

97.     In addition, in its written decision supporting its long term Out-of-School Suspension of ZARIAH, the Board failed to document whether other interventions were attempted or whether it was determined that there were no other appropriate and available interventions as mandated by Illinois law.  (105 ILCS 5/10-22.6 (b-20)).

98.     During the period of Out-of-School Suspension, ZARIAH was not permitted to participate in any school activities or to be on school property.

99.     Illinois law mandates that "[s]tudents who are suspended out-of-school for longer than 4 school days shall be provided appropriate and available support services during the period of their suspension.  (105 ILCS 5/10-22.6 (b-25)).

100.     During the period of Out-of-School Suspension, one or more of ZARIAH's teachers repeatedly failed and/or refused to provide ZARIAH with homework so that she could maintain her grades during the period of Out-of-School Suspension, in violation of Illinois law. (105 ILCS 5/10-22.6 (b-25)).

101.     Prior to and/or during the period of Out-of-School Suspension, Defendant retaliated against Plaintiffs and failed to undertake one or more of the following actions mandated by Illinois law (105 ILCS 5/10-22.6):

          a.   Defendant failed to exhaust other appropriate and available behavioral and disciplinary interventions;

b. Defendant failed to properly determine that ZARIAH's continuing presence in school would either (i) pose a threat to the safety of other students, staff, or members of the school community or (ii) substantially disrupt, impede, or interfere with the operation of the school;

c. Defendant failed to document within the suspension decision whether other interventions were attempted or whether it was determined that there were no other appropriate and available interventions;

d. Defendant failed to provide ZARIAH with appropriate and available support services during the period of Out-of-School Suspension;

e. Defendant failed to create a policy to facilitate the re-engagement of ZARIAH following her Out-of-School Suspension;

f. Defendant failed to create a policy by which ZARIAH shall have the opportunity to make up work for equivalent academic credit during the period of Out-of-School Suspension;

g. Defendant failed to invite a representative from a local mental health agency to consult with the Board;

h. Defendant failed to take such other action as mandated by Illinois law and/or OTHS Board of Education Policy.

102.    At no time prior to the September 6, 2022, attack did ZARIAH ever exhibit a disciplinary problem or issue requiring the institution or implementation of disciplinary measures.

103.    At no time prior to the September 6, 2022, attack did ZARIAH ever exhibit a threat to the safety of any person at OTHS.

{M1172637.6}

104.     At no time during the period of Out-of-School Suspension did ZARIAH ever exhibit a threat to the safety of any person at OTHS.

105.     Despite the complete lack of evidence that ZARIAH had ever presented a threat to the safety of any person at OTHS either before or after the September 6, 2022, attack upon her by the Gang of Bullies, the Board conducted a Disciplinary Hearing on September 12, 2022, in which the Board decided to expel ZARIAH from OTHS for the remainder of the 2022-2023 school year.

106.     Illinois law states: "Among the many possible disciplinary interventions and consequences available to school officials, school exclusions, such as out-of-school suspensions and expulsions, are the most serious." (105 ILCS 5/10-22.6 (b-5)).

107.     Illinois law mandates that school officials "shall limit the number and duration of expulsions and suspensions to the greatest extent practicable, and it is recommended that they use them only for legitimate educational purposes. To ensure that students are not excluded from school unnecessarily, it is recommended that school officials consider forms of non-exclusionary discipline prior to using out-of-school suspensions or expulsions." (105 ILCS 5/10-22.6 (b-5)).

108.     Under Illinois law, "out-of-school suspensions of longer than 3 days, expulsions, and disciplinary removals to alternative schools may be used only if other appropriate and available behavioral and disciplinary interventions have been exhausted and the student's continuing presence in school would either (i) pose a threat to the safety of other students, staff, or members of the school community or (ii) substantially disrupt, impede, or interfere with the operation of the school."

109.     The Board abused its discretion in expelling ZARIAH from OTHS for the remainder of the 2022-2023 school year based on one or more of the following:

a. The Board reviewed and/or took into consideration the "Student Discipline Report" made by Vice-Principal Twana Dollison that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist;"***

b. The Board expressly held that Plaintiffs' prior reports of bullying by the Gang of Bullies supported its rationale for the duration of her ten (10) day Out-of-School Suspension;

c. The Board failed to limit the duration of ZARIAH's expulsion and suspension to the greatest extent practicable;

d. The Board failed to consider forms of non-exclusionary discipline prior to using Out-of-School Suspension and/or expulsion;

e. The Board failed to exhaust other appropriate and available behavioral and disciplinary interventions before suspending and expelling ZARIAH;

f. The Board expelled ZARIAH even though there was no evidence that she posed a threat to the safety of other students, staff, or members of the school community;

g. The Board expelled ZARIAH even though there was no evidence that she substantially disrupted, impeded, or interfered with the operation of the school;

h. The Board failed to invite a representative from a local mental health agency to consult with the Board;

i. The Board expelled ZARIAH in retaliation for her and her mother reporting racial discrimination and retaliation;

    j.  The Board expelled ZARIAH in retaliation for her and her mother reporting that school officials, including Defendants Dollison, Bickel and Benway, had failed and/or refused to follow applicable school policy and/or law in light of their reports of racial discrimination and retaliation;

    k.  The Board expelled ZARIAH in retaliation for her and her mother reporting harassment, intimidation and bullying;

    l.  The Board expelled ZARIAH in retaliation for her and her mother reporting the Defendants' failure and/or refusal to follow applicable school policy and/or law in light of their repeated reports of harassment, intimidation and bullying.

110.    The actions of the Board in suspending ZARIAH for ten (10) days followed by an expulsion for the remainder of the 2022-2023 school year was arbitrary, unreasonable, capricious, oppressive and/or an abuse of the Board's discretion in that:

    a.  The egregiousness of ZARIAH's conduct was minimal or none;

    b.  ZARIAH had no prior history or record of disciplinary problems;

    c.  There was no evidence that there was a likelihood that her conduct would affect the delivery of educational services to other children;

    d.  The severity of the punishment was extreme and unwarranted;

    e.  The interests of ZARIAH in continuing to attend OTHS outweighed any negative impact on the school or its students;

    f.  OTHS and the Board failed to exhaust other appropriate and available behavioral and disciplinary interventions.

111.    The actions of the Board, its representatives, agents, and/or employees, were done willfully, wantonly, and with malice, with disregard for the rights of ZARIAH.

## COUNT 1
### Violation of Title VI (Discrimination)
### ZARIAH against the Board

112.    ZARIAH repeats and reallege paragraphs 1 to 111 as if set forth fully herein.

113.    Title VI of the Civil Right Act provides:

No person in the United States shall, on ground of race, color, or national origin, be
excluded from participation in, be denied the benefits of, or be subject to
discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

114.    At all times relevant herein, OTHS and the Board constituted a program or activity
receiving federal financial assistance and otherwise met all of the other relevant criteria of Title
VI for status as a defendant to a Title VI suit.

115.    At all times relevant herein, ZARIAH was a beneficiary of federal assistance to
public schools.

116.    OTHS is located in a community with a significant African American population
and has a significant African American student population.

117.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an
atmosphere and environment of racial hostility by, among other things, failing to investigate,
address and remedy reported acts of racial discrimination and retaliation against African American
students, including ZARIAH.

118.    Representatives, agents, and/or employees of the Board, and OTHS discriminated
against ZARIAH in one or more of the following respects:

    a.    Stating to ZARIAH and other African American students attending
OTHS words to the effect of: "***All the dark-skinned people are
causing all of the problems lately.***";

    b.    Failing and/or refusing to conduct an investigation of reports made
by or on behalf of ZARIAH that Vice-Principal Twana Dollison told

a group of OTHS students, including ZARIAH, words to the effect of:  "***All the dark-skinned people are causing all of the problems lately.***"

c.  Disclosing to Vice-Principal Twana Dollison the identity of ZARIAH and her mother, Niesha Anthony;

d.  Disclosing to Vice-Principal Twana Dollison the complaint made against her by ZARIAH and her mother, Niesha Anthony;

e.  Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other OTHS students;

f.  Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist;***"

g.  Failing to take action to remove the record made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist;***"

h.  Presenting and/or taking into consideration Vice-Principal Twana Dollison's report on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist***" when considering whether to suspend ZARIAH; and

i.  Presenting and/or taking into consideration Vice-Principal Twana Dollison's report on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist***" when considering whether to expel ZARIAH.

119.   The Board invested an official or officials who had actual knowledge of such actions with the duty to supervise Vice-Principal Twana Dollison, Principal Rich Bickel and/or Superintendent Dr. Darcy Benway, and the power to take action that would end such abuse, but such official or officials failed to do so, or failed to do so in a timely manner.

120.     OTHS and the Board were deliberately indifferent in responding to such actions, in that school administration was aware of such actions, but the Board did not reprimand Vice-Principal Twana Dollison, Principal Rich Bickel and/or Superintendent Dr. Darcy Benway.

121.     As a direct and proximate result of Defendant's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, pray for Judgment against the Defendant OTHS and the Board and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Attorneys' fees and costs; and

(d)     All other relief that the Court deems just and proper.

### COUNT 2
### Violation of Title VI (Retaliation)
### ZARIAH against the Board

122.     ZARIAH repeats and realleges paragraphs 1 to 121 as if set forth fully herein.

123.     Title VI of the Civil Right Act provides:

No person in the United States shall, on ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

124.     Title VI's implementing regulation prohibits retaliation: no recipient of federal funding "shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title VI] *** because he has made a

complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [Title VI]." 34 C.F.R. § 100.7(e).

125.    At all times relevant herein, OTHS and the Board constituted a program or activity receiving federal financial assistance and otherwise met all of the other relevant criteria of Title VI for status as a defendant to a Title VI suit.

126.    OTHS is located in a community with a significant African American population and has a significant African American student population.

127.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

128.    On or about May 12, 2022, Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, intentionally stated to ZARIAH and other African American students words to the effect of:  ***"All the dark-skinned people are causing all of the problems lately.".***

129.    ZARIAH, individually and by and through her parent, Niesha Anthony, voiced concerns to OTHS regarding the racially discriminatory statement made by Vice-Principal Twana Dollison.

130.    Following ZARIAH and Niesha Anthony's complaints, OTHS and the Board, by and through its representatives, agents, and/or employees, engaged in a pattern of retaliation and harassment against ZARIAH including, without limitation:

      a.    Refusing to conduct an investigation into the reports made by or on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the

effect of: **"*All the dark-skinned people are causing all of the problems lately.*"**

b.    Disclosing to Vice-Principal Twana Dollison the identity of ZARIAH and her mother, Niesha Anthony;

c.    Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and her mother, Niesha Anthony;

d.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;

e.    Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

f.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

g.    Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

h.    Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

i.    Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* in determining the length of ZARIAH's Out-of-School Suspension;

j.    Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* in determining whether to expel ZARIAH from OTHS;

k.    Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal

{M1172637.6}

Bickel and Superintendent Benway *"about me being a racist"* in determining the length of ZARIAH's expulsion from OTHS;

l.      Suspending ZARIAH for ten (10) days;

m.      Expelling ZARIAH for the remainder of the 2022-2023 school year following her Out-of-School Suspension;

n.      Seeking to otherwise intimidate ZARIAH, a minor;

o.      permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against ZARIAH, her parent and others with whom she associated, for purposes of intimidating, punishing, and retaliating against ZARIAH for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

131.    As a direct and proximate result of Defendant's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant OTHS and the Board and for relief in accordance therewith, including but not limited to:

(a)      Compensatory damages;

(b)      Prejudgment interest;

(c)      Attorneys' fees and costs; and

(d)      All other relief that the Court deems just and proper.

### COUNT 3
**Violation of the Illinois Civil Rights Act of 2003 (Discrimination)**
**ZARIAH against the Board**

132.    ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

133.    The Illinois Civil Rights Act states, in relevant part:

(a)      No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, or national origin; or

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin.

740 ILCS § 23/5.

134.    At all times relevant herein, OTHS and its Board constituted a unit of State, county, or local government in Illinois.

135.    OTHS is located in a community with a significant African American population and has a significant African American student population.

136.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

137.    Representatives, agents, and/or employees of the Board, and OTHS discriminated against ZARIAH in one or more of the following respects:

a.      Stating to ZARIAH and other African American students attending OTHS words to the effect of: ***"All the dark-skinned people are causing all of the problems lately."***;

b.      Failing and/or refusing to conduct an investigation of reports made by or on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of: ***"All the dark-skinned people are causing all of the problems lately."***

c.      Disclosing to Vice-Principal Twana Dollison the identity of ZARIAH and her mother, Niesha Anthony;

d.      Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and her mother, Niesha Anthony;

e.  Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

f.  Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"*** and

g.  Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist."***

138.  The Board invested an official or officials who had actual knowledge of such actions with the duty to supervise Vice-Principal Twana Dollison, Principal Rich Bickel and/or Superintendent Dr. Darcy Benway, and the power to take action that would end such abuse, but such official or officials failed to do so, or failed to do so in a timely manner.

139.  OTHS and the Board were deliberately indifferent in responding to such actions, in that school administration was aware of such actions, but the Board did not reprimand Vice-Principal Twana Dollison, Principal Rich Bickel and/or Superintendent Dr. Darcy Benway.

140.  As a direct and proximate result of Defendant's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant OTHS and the Board and for relief in accordance therewith, including but not limited to:

(a)  Compensatory damages;

(b)  Prejudgment interest;

(c)  Attorneys' fees and costs; and

(d)    All other relief that the Court deems just and proper.

## COUNT 4
### Violation of the Illinois Civil Rights Act of 2003 (Retaliation)
### ZARIAH against the Board

141.    ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

142.    The Illinois Civil Rights Act states, in relevant part:

(a)    No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, or national origin; or

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin.

740 ILCS § 23/5.

143.    The Illinois Civil Rights Act, patterned after Title VI, permits retaliation claims.

144.    At all times relevant herein, OTHS and the Board constituted a unit of State, county, or local government in Illinois.

145.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

146.    On or about May 12, 2022, Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, intentionally stated to ZARIAH and other African American students words to the effect of:  ***"All the dark-skinned people are causing all of the problems lately."***.

147.    ZARIAH, individually and by and through her parent, Niesha Anthony, voiced concerns to OTHS regarding the racially discriminatory statement made by Vice-Principal Twana Dollison.

148.    Following ZARIAH and Niesha Anthony's complaints, OTHS and the Board, by and through its representatives, agents, and/or employees, engaged in a pattern of retaliation and harassment against ZARIAH including, without limitation:

a.    Refusing to conduct an investigation into the reports made by or on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of:  *"All the dark-skinned people are causing all of the problems lately."*

b.    Disclosing to Vice-Principal Twana Dollison the identity of ZARIAH and her mother, Niesha Anthony;

c.    Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and her mother, Niesha Anthony;

d.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;

e.    Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

f.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

g.    Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

h.    Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

i.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist*** in determining the length of ZARIAH's Out-of-School Suspension;

j.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist*** in determining whether to expel ZARIAH from OTHS;

k.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist*** in determining the length of ZARIAH's expulsion from OTHS;

l.   Suspending ZARIAH for ten (10) days;

m.   Expelling ZARIAH for the remainder of the 2022-2023 school year;

n.   Seeking to otherwise intimidate ZARIAH., a minor child;

o.   permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against ZARIAH, her parent and others with whom she associated, for purposes of intimidating, punishing, and retaliating against ZARIAH for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

149.   As a direct and proximate result of Defendant's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant OTHS and the Board and for relief in accordance therewith, including but not limited to:

(a)   Compensatory damages;

(b)   Prejudgment interest;

(c)     Attorneys' fees and costs; and

(d)     All other relief that the Court deems just and proper.

**COUNT 5**
**42 U.S.C. § 1983 (Discrimination)**
**ZARIAH against the Board**

150.    Plaintiff ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

151.    At all times relevant herein, Plaintiff ZARIAH had a constitutional right to equal protection of the laws of the United States.

152.    OTHS is located in a community with a significant African American population and has a significant African American student population.

153.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

154.    Representatives, agents, and/or employees of the Board, and OTHS discriminated against ZARIAH in one or more of the following respects:

a.      Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, intentionally stated to ZARIAH and other African American students attending OTHS words to the effect of: ***"All the dark-skinned people are causing all of the problems lately;"***

b.      Vice-Principal Twana Dollison did not refer to white peers as "people causing all of the problems lately;

c.      Principal Rich Bickel, a representative, agent, or employee of OTHS and the Board, intentionally refused to undertake an investigation of the report made on behalf of ZARIAH by her parent, Niesha Anthony, and intentionally disclosed ZARIAH's identity and complaint to Vice-Principal Twana Dollison;

    d.    Superintendent Dr. Darcy Benway, a representative, agent, or employee of OTHS and the Board, intentionally refused to undertake an investigation of the report made on behalf of ZARIAH by her parent, Niesha Anthony, and intentionally determined, without an investigation, that Vice-Principal Twana Dollison did not or could not have stated to ZARIAH and other African American students attending OTHS words to the effect of: **"*All the dark-skinned people are causing all of the problems lately;*"**

    e.    Vice-Principal Twana Dollison, Principal Rich Bickel and Superintendent Dr. Darcy Benway were each a person with authority and control over ZARIAH and her peers, being a vice-principal, principal and superintendent of OTHS;

    f.    Vice-Principal Twana Dollison, Principal Rich Bickel and Superintendent Dr. Darcy Benway each conducted such activities in the course of their authorized and/or assigned duties;

    g.    Such actions were taken based on ZARIAH's race;

    h.    There was no legitimate basis for such differential treatment of ZARIAH; and

    i.    Such actions were severe or pervasive enough to effectively deprive ZARIAH of access to educational benefits.

155.    Such actions were taken in violation of the equal protection rights of ZARIAH under the U.S. Constitution.

156.    The Board invested an official or officials who had actual knowledge of such actions with the duty to supervise Vice-Principal Twana Dollison, Principal Rich Bickel and Superintendent Dr. Darcy Benway and the power to take action that would end such abuse, but such official or officials failed to do so, or failed to do so in a timely manner.

157.    OTHS and the Board were deliberately indifferent in responding to such actions, in that school administration was aware of such actions but did not reprimand Vice-Principal Twana Dollison, Principal Rich Bickel or Superintendent Dr. Darcy Benway.

158.    At all relevant times, the Board acted under color of state law.

159.    As a direct and proximate result of Defendant's unlawful conduct, ZARIAH has

suffered, and will continue to suffer, from the denial of her equal protection rights under the U.S.

Constitution as well as her free speech rights, severe humiliation, embarrassment, degradation,

mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend,

prays for Judgment against Defendant OTHS and the Board and for relief in accordance therewith,

including but not limited to:

(a)    Compensatory damages;

(b)    Prejudgment interest;

(c)    Attorneys' fees and costs; and

(d)    All other relief that the Court deems just and proper.

## COUNT 6
### 42 U.S.C. § 1983 (Retaliation)
### ZARIAH against the Board

160.    Plaintiff ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully

herein.

161.    At all times relevant herein, Plaintiff ZARIAH had a constitutional right to equal

protection of the laws of the United States, as well as the right to free speech.

162.    OTHS is located in a community with a significant African American population

and has a significant African American student population.

163.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an

atmosphere and environment of racial hostility by, among other things, failing to investigate,

address and remedy reported acts of racial discrimination and retaliation against African American

students, including ZARIAH.

164.    On or about May 12, 2022, Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, intentionally stated to ZARIAH and other African American students words to the effect of: ***"All the dark-skinned people are causing all of the problems lately."***.

165.    ZARIAH, individually and by and through her parent, Niesha Anthony, voiced complaints and concerns to OTHS regarding the racially discriminatory statement made by Vice-Principal Twana Dollison.

166.    ZARIAH and Niesha Anthony's complaints and concerns constituted protected activities.

167.    Following ZARIAH and Niesha Anthony's complaints and concerns, OTHS and the Board, by and through its representatives, agents, and/or employees, engaged in a pattern of retaliation and harassment against them, including without limitation:

    a.    Refusing to conduct an investigation into the reports made by or on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of: ***"All the dark-skinned people are causing all of the problems lately."***

    b.    Disclosing to Vice-Principal Twana Dollison the identify of ZARIAH and her mother, Niesha Anthony;

    c.    Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and her mother, Niesha Anthony;

    d.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;

    e.    Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

    f.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

g.   Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

h.   Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

i.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* in determining the length of ZARIAH's Out-of-School Suspension;

j.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* in determining whether to expel ZARIAH from OTHS;

k.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* in determining the length of ZARIAH's expulsion from OTHS;

l.   Suspending ZARIAH for ten (10) days;

m.   Expelling ZARIAH for the remainder of the 2022-2023 school year;

n.   Seeking to otherwise intimidate ZARIAH., a minor child;

o.   permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against ZARIAH, her parent and others with whom she associated, for purposes of intimidating, punishing, and retaliating against ZARIAH for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

168.   Such actions were taken in violation of the equal protection rights of ZARIAH under the U.S. Constitution, as well as her free speech rights.

169.    The Board's acts constitute acts of deliberate indifference to the equal protection rights of ZARIAH to be free from discrimination based on race, as well as her free speech rights to oppose the same.

170.    At all relevant times, the Board acted under color of state law.

171.    As a direct and proximate result of Defendant's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant OTHS and the Board and for relief in accordance therewith, including but not limited to:

(a)    Compensatory damages;

(b)    Prejudgment interest;

(c)    Attorneys' fees and costs; and

(d)    All other relief that the Court deems just and proper.

## COUNT 7
### 42 U.S.C. § 1983 (Discrimination)
### ZARIAH against Twana Dollison

172.    Plaintiff ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

173.    At all times relevant herein, Plaintiff ZARIAH had a constitutional right to equal protection of the laws of the United States.

174.    OTHS is located in a community with a significant African American population and has a significant African American student population.

175.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

176.    Twana Dollison unlawfully discriminated against ZARIAH in in one or more of the following respects:

a.    Stating to ZARIAH and other African American students attending OTHS words to the effect of: **"*All the dark-skinned people are causing all of the problems lately*;"**

b.    Contacting ZARIAH's mother, Niesha Anthony, to confront her regarding ZARIAHs complaint that she had stated to ZARIAH and other African American students attending OTHS words to the effect of: **"*All the dark skinned people are causing all of the problems lately*;"**

c.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist;"*

d.    Failing to disclose and/or concealing from ZARIAH and her parent that she had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist."*

177.    Such actions were taken in violation of the equal protection rights of ZARIAH under the U.S. Constitution.

178.    Twana Dollison's acts constitute acts of deliberate indifference to the equal protection rights of ZARIAH to be free from discrimination based on race.

179.    At all times relevant herein, Twana Dollison acted under color of state law.

180.    As a direct and proximate result of Twana Dollison's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the denial of her equal protection rights under the

U.S. Constitution, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant Twana Dollison and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Punitive Damages in excess of $500,000.00;

(d)     Attorneys' fees and costs; and

(e)     All other relief that the Court deems just and proper.

## COUNT 8
### 42 U.S.C. § 1983 (Retaliation)
### ZARIAH against Twana Dollison

181.    Plaintiff ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

182.    At all relevant times, Plaintiff ZARIAH had a constitutional right to equal protection of the laws of the United States, as well as free speech rights to oppose the same.

183.    OTHS is located in a community with a significant African American population and has a significant African American student population.

184.    On or about May 12, 2022, Twana Dollison intentionally stated to ZARIAH and other African American students words to the effect of: ***"All the dark skinned people are causing all of the problems lately."***

185.    ZARIAH, individually and by and through her parent, Niesha Anthony, voiced concerns to OTHS regarding the racially discriminatory statement made by Twana Dollison.

186.    ZARIAH's complaints, individually and by and through her parent, Niesha Anthony, constituted protected activities and speech.

187.    ZARIAH, individually and by and through her parent, Niesha Anthony, voiced complaints and concerns to OTHS regarding the racially discriminatory statement made by Vice-Principal Twana Dollison.

188.    ZARIAH and Niesha Anthony's complaints and concerns constituted protected activities and speech.

189.    Following ZARIAH and Niesha Anthony's complaints and concerns, Twana Dollison engaged in a pattern of retaliation and harassment against them, including without limitation:

    a.    Contacting ZARIAH's mother, Niesha Anthony, to confront her regarding ZARIAH's complaint that she had stated to ZARIAH and other African American students attending OTHS words to the effect of: ***"All the dark skinned people are causing all of the problems lately;"***

    b.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

    c.    Failing to disclose and/or concealing from ZARIAH and her parent that she had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist."***

    d.    permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against ZARIAH, her parent and others with whom she associated, for purposes of intimidating, punishing, and retaliating against ZARIAH for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

190.    Such actions were taken in violation of the equal protection rights of ZARIAH under the U.S. Constitution, as well as her free speech rights.

191.    Twana Dollison acts constitute acts of deliberate indifference to the equal protection rights of ZARIAH to be free from discrimination based on race, as well as her free speech rights to oppose the same.

192.    At all times relevant herein, Twana Dollison acted under color of state law.

193.    As a direct and proximate result of Defendant Twana Dollison's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant Twana Dollison and for relief in accordance therewith, including but not limited to:

(a)    Compensatory damages;

(b)    Prejudgment interest;

(c)    Punitive Damages in excess of $500,000.00;

(d)    Attorneys' fees and costs; and

(e)    All other relief that the Court deems just and proper.

**COUNT 9**
**42 U.S.C. § 1983 (Retaliation)**
**ZARIAH against Rich Bickel**

194.    Plaintiff ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

195.    At all relevant times, Plaintiffs ZARIAH had a constitutional right to equal protection of the laws of the Unites States, as well as free speech rights.

196.    On or about May 12, 2022, Vice-Principal Twana Dollison, a representative, agent,

or employee of OTHS and the Board, intentionally stated to ZARIAH and other African American

students words to the effect of:  ***"All the dark-skinned people are causing all of the problems***

***lately."***.

197.    ZARIAH, individually and by and through her parent, Niesha Anthony, voiced

complaints and concerns to OTHS regarding the racially discriminatory statement made by Vice-

Principal Twana Dollison.

198.    ZARIAH and Niesha Anthony's complaints and concerns constituted protected

activities and speech.

199.    Following ZARIAH and Niesha Anthony's complaints and concerns, Rich

Bickel retaliated against them in one or more of the following ways:

> a.    Refusing to conduct an investigation into the reports made by or on
> behalf of ZARIAH that Vice-Principal Twana Dollison told a group
> of African American students, including ZARIAH, words to the
> effect of:  ***"All the dark-skinned people are causing all of the***
> ***problems lately."***
>
> b.    Disclosing to Vice-Principal Twana Dollison the identify of
> ZARIAH and her mother, Niesha Anthony;
>
> c.    Disclosing to Vice-Principal Twana Dollison the complaint made by
> ZARIAH and her mother, Niesha Anthony;
>
> d.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;
>
> e.    permitting, causing, or contributing to numerous other acts of
> discriminatory and retaliatory conduct against ZARIAH, her parent
> and others with whom she associated, for purposes of intimidating,
> punishing, and retaliating against ZARIAH for voicing opposition
> to the racially discriminatory acts of OTHS, the Board, its
> representatives, agents, and/or employees.

200.    Such actions were taken in violation of the equal protection rights of ZARIAH

under the U.S. Constitution, as well as her free speech rights.

201.     Rich Bickel's acts constitute acts of deliberate indifference to the equal protection rights of ZARIAH to be free from discrimination based on race, as well as her free speech rights to oppose the same.

202.     At all times herein, Rich Bickel acted under color of state law.

203.     As a direct and proximate result of Defendant Rich Bickel's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant Rich Bickel and for relief in accordance therewith, including but not limited to:

(a)     Compensatory damages;

(b)     Prejudgment interest;

(c)     Punitive Damages in excess of $500,000.00;

(d)     Attorneys' fees and costs; and

(e)     All other relief that the Court deems just and proper.

## COUNT 10
### 42 U.S.C. § 1983 (Retaliation)
### ZARIAH against Dr. Darcy Benway

204.     Plaintiff ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

205.     At all relevant times, Plaintiff ZARIAH had a constitutional right to equal protection of the laws of the United States, as well as free speech rights.

206. On or about May 12, 2022, Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, intentionally stated to ZARIAH and other African American students words to the effect of: ***"All the dark-skinned people are causing all of the problems lately."***.

207. ZARIAH, individually and by and through her parent, Niesha Anthony, voiced complaints and concerns to OTHS regarding the racially discriminatory statement made by Vice-Principal Twana Dollison.

208. ZARIAH and Niesha Anthony's complaints and concerns constituted protected activities and speech.

209. Following ZARIAH and Niesha Anthony's complaints and concerns, Darcy Benway retaliated against them in one or more of the following ways:

    a. Refusing to conduct an investigation into the reports made by or on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of: ***"All the dark-skinned people are causing all of the problems lately."***

    b. Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

    c. Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

    d. Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

    e. permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against ZARIAH, her parent and others with whom she associated, for purposes of intimidating,

punishing, and retaliating against ZARIAH for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

210. Such actions were taken in violation of the equal protection rights of ZARIAH under the U.S. Constitution, as well as her free speech rights.

211. Darcy Benway's acts constitute acts of deliberate indifference to the equal protection rights of ZARIAH to be free from discrimination based on race, as well as her free speech rights to oppose the same.

212. At all times herein, Darcy Benway acted under color of state law.

213. As a direct and proximate result of Defendant Darcy Benway's unlawful conduct, ZARIAH has suffered, and will continue to suffer, from the deprivation of access to educational benefits, severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff ZARIAH ANTHONY, by and through her parent and next friend, prays for Judgment against Defendant Darcy Benway and for relief in accordance therewith, including but not limited to:

(a)    Compensatory damages;

(b)    Prejudgment interest;

(c)    Punitive Damages in excess of $500,000.00;

(d)    Attorneys' fees and costs; and

(e)    All other relief that the Court deems just and proper.

## COUNT 11
### Violation of 42 U.S.C. § 1983 (Discrimination)
### Niesha Anthony against the Board

214.    Plaintiff Niesha Anthony repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

215.    At all times relevant herein, Niesha Anthony had a constitutional right to equal protection of the laws of the United States based on her association with ZARIAH, an African American minor and student at OTHS.

216.    OTHS is located in a community with a significant African American population and has a significant African American student population.

217.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH

218.    A representative, agent, or employee of the Board, and the Board itself, discriminated against Niesha Anthony in one or more of the following respects:

   a.    Refusing to conduct an investigation into the reports made by Niesha Anthony on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of: *"All the dark-skinned people are causing all of the problems lately."*

   b.    Disclosing to Vice-Principal Twana Dollison the identify of ZARIAH and Niesha Anthony;

   c.    Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and Niesha Anthony;

   d.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;

e.   Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

f.   Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist;***

g.   Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

h.   Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

i.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist"*** in determining the length of ZARIAH's Out-of-School Suspension;

j.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist"*** in determining whether to expel ZARIAH from OTHS;

k.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist"*** in determining the length of ZARIAH's expulsion from OTHS;

l.   Suspending ZARIAH for ten (10) days;

m.   Expelling ZARIAH for the remainder of the 2022-2023 school year;

n.   Seeking to otherwise intimidate Niesha Anthony;

o.   permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against Niesha Anthony, her daughter ZARIAH and others with whom she associated, for

purposes of intimidating, punishing, and retaliating against Niesha Anthony for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

219.   The Board's actions were taken in violation of the equal protection right of Niesha Anthony to be free from discrimination based on her own race and based on her association with ZARIAH, an African American.

220.   The Board's acts constitute acts of deliberate indifference to the equal protection right of Niesha Anthony to be free from discrimination based on her own race and based on her association with her daughter, ZARIAH.

221.   At all times relevant herein, the Board acted under color of state law.

222.   As a direct and proximate result of the Board's unlawful conduct, Niesha Anthony suffered, and will continue to suffer, from severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff, Niesha Anthony, prays for Judgment against Defendant OTHS and the Board and for relief in accordance therewith, including but not limited to:

(a)   Pecuniary damages, including such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(b)   Non-pecuniary damages, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)   Prejudgment interest;

(d)   Attorneys' fees and costs; and

(e)   All other relief that the Court deems just and proper.

**COUNT 12**
**Violation of 42 U.S.C. § 1983 (Retaliation)**
**Niesha Anthony against the Board**

223.    Plaintiff, Niesha Anthony, repeats and realleges paragraphs 1 to ___ as if set forth fully herein.

224.    At all times relevant herein, Niesha Anthony had a constitutional right to equal protection of the Laws of the United States.

225.    At all times relevant herein, Niesha Anthony had a constitutional right to free speech.

226.    OTHS is located in a community with a significant African American population and has a significant African American student population.

227.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

228.    Niesha Anthony, and others, voiced complaints and concerns regarding the statement made by Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, to ZARIAH and other African American students to the effect of: *"All the dark-skinned people are causing all of the problems lately."*

229.    Niesha Anthony, individually and on behalf of her daughter, ZARIAH, voiced complaints and concerns regarding the statement made by Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, to ZARIAH and other African American students to the effect of: *"All the dark-skinned people are causing all of the problems lately."*

[M1172637.6]

230.    Niesha Anthony reasonably and in good faith believed that OTHS, the Board and

its representatives, agents, and/or employees acted in a discriminatory and retaliatory manner

toward ZARIAH and others with whom she associated.

231.    Neisha Anthony's actions described above constituted protected activities.

232.    Following Neisha Anthony's actions described above, a representative, agent, or

employee of the Board, and the Board itself, retaliated against Niesha Anthony in one or more of

the following respects:

a.    Refusing to conduct an investigation into the reports made by Niesha Anthony on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of: ***All the dark-skinned people are causing all of the problems lately.***"

b.    Disclosing to Vice-Principal Twana Dollison the identify of ZARIAH and Niesha Anthony;

c.    Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and Niesha Anthony;

d.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;

e.    Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

f.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist;***"

g.    Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist;***"

h.    Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***about me being a racist;***"

i. Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *about me being a racist*" in determining the length of ZARIAH's Out-of-School Suspension;

j. Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *about me being a racist*" in determining whether to expel ZARIAH from OTHS;

k. Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *about me being a racist*" in determining the length of ZARIAH's expulsion from OTHS;

l. Suspending ZARIAH for ten (10) days;

m. Expelling ZARIAH for the remainder of the 2022-2023 school year;

n. Seeking to otherwise intimidate Niesha Anthony;

o. permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against Niesha Anthony, her daughter ZARIAH and others with whom she associated, for purposes of intimidating, punishing, and retaliating against Niesha Anthony for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

233. White and/or non-African American parents of OTHS students were not retaliated against.

234. The Board's actions were taken in violation of the equal protection rights of Niesha Anthony under the U.S. Constitution, and the free speech rights of Niesha Anthony to oppose the same.

235.    The Board's acts constitute acts of deliberate indifference to the equal protection rights of Niesha Anthony to be free from discrimination based on race and the free speech rights of Niesha Anthony to oppose the same.

236.    At all times relevant herein, the Board acted under color of state law.

237.    As a direct and proximate result of the Board's unlawful conduct, Niesha Anthony has suffered, and will continue to suffer, from severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff Niesha Anthony prays for Judgment against Defendant OTHS and the Board and for relief in accordance therewith, including but not limited to:

(a)    Pecuniary damages, including such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(b)    Non-pecuniary damages, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    Prejudgment interest;

(d)    Attorneys' fees and costs; and

(e)    All other relief that the Court deems just and proper.

### COUNT 13
**Violation of the Illinois Civil Rights Act of 2003 (Discrimination)**
**Niesha Anthony against the Board**

238.    Plaintiff Niesha Anthony repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

239.    The Illinois Civil Rights Act states, in relevant part:

(a)    No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, or national origin; or

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin.

740 ILCS § 23/5.

240.    At all times relevant herein, OTHS and the Board constituted a unit of State, county, or local government in Illinois.

241.    OTHS is located in a community with a significant African American population and has a significant African American student population.

242.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

243.    At all times relevant herein, Niesha Anthony was a member of a protected class, being African American, and associated with an African American child, ZARIAH, who attended OTHS and complained of racial discrimination by the school.

244.    Representatives, agents, or employees of OTHS and the Board, and the Board itself, discriminated against Niesha Anthony in one or more of the following respects:

a.    Refusing to conduct an investigation into the reports made by Niesha Anthony on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of: *"All the dark-skinned people are causing all of the problems lately."*

b.    Disclosing to Vice-Principal Twana Dollison the identify of ZARIAH and Niesha Anthony;

c.     Disclosing to Vice-Principal Twana Dollison the complaint made by
ZARIAH and Niesha Anthony;

d.     Directing Vice-Principal Twana Dollison to call Niesha Anthony;

e.     Summarily finding, without conducting an investigation, that Vice-
Principal Twana Dollison did not or could not make a racist
statement to ZARIAH or other African American OTHS students;

f.     Recording on ZARIAH's "Student Discipline Report" that Niesha
Anthony had called to complain to Principal Bickel and
Superintendent Benway *"about me being a racist;"*

g.     Concealing and/or failing to disclose to ZARIAH and her mother
that Vice-Principal Twana Dollison had recorded on ZARIAH's
"Student Discipline Report" that Niesha Anthony had called to
complain to Principal Bickel and Superintendent Benway *"about
me being a racist;"*

h.     Failing to take action to remove the report made by Vice-Principal
Twana Dollison on ZARIAH's "Student Discipline Report" that
Niesha Anthony had called to complain to Principal Bickel and
Superintendent Benway *"about me being a racist;"*

i.     Reviewing and taking into consideration the report made by Vice-
Principal Twana Dollison on ZARIAH's "Student Discipline
Report" that Niesha Anthony had called to complain to Principal
Bickel and Superintendent Benway *"about me being a racist"* in
determining the length of ZARIAH's Out-of-School Suspension;

j.     Reviewing and taking into consideration the report made by Vice-
Principal Twana Dollison on ZARIAH's "Student Discipline
Report" that Niesha Anthony had called to complain to Principal
Bickel and Superintendent Benway *"about me being a racist"* in
determining whether to expel ZARIAH from OTHS;

k.     Reviewing and taking into consideration the report made by Vice-
Principal Twana Dollison on ZARIAH's "Student Discipline
Report" that Niesha Anthony had called to complain to Principal
Bickel and Superintendent Benway *"about me being a racist"* in
determining the length of ZARIAH's expulsion from OTHS;

l.     Suspending ZARIAH for ten (10) days;

m.     Expelling ZARIAH for the remainder of the 2022-2023 school year;

{M1172637.6}

n.     Seeking to otherwise intimidate Niesha Anthony;

o.     permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against Niesha Anthony, her daughter ZARIAH and others with whom she associated, for purposes of intimidating, punishing, and retaliating against Niesha Anthony for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

245.    As a direct and proximate result of the Board's unlawful conduct, Niesha Anthony has suffered, and will continue to suffer, from severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff Niesha Anthony prays for Judgment against Defendant OTHS and its Board and for relief in accordance therewith, including but not limited to:

(a)    Pecuniary damages, including such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(b)    Non-pecuniary damages, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    Prejudgment interest;

(d)    Attorneys' fees and costs; and

(e)    All other relief that the Court deems just and proper.

### COUNT 14
**Violation of the Illinois Civil Rights Act of 2003 (Retaliation)**
**Niesha Anthony against the Board**

246.    Plaintiff Niesha Anthony repeats and realleges paragraphs 1 to ___ as if set forth fully herein.

247.    The Illinois Civil Rights Act states in relevant part:

(a)    No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, or national origin; or

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin.

740 ILCS § 23/5.

248.    The Illinois Civil Rights Act, patterned after Title VI, permits retaliation claims.

249.    At all times relevant herein, OTHS and the Board constituted a unit of State, county, or local government in Illinois.

250.    OTHS is located in a community with a significant African American population and has a significant African American student population.

251.    At all times relevant herein, the Board permitted, promoted, and/or encouraged an atmosphere and environment of racial hostility by, among other things, failing to investigate, address and remedy reported acts of racial discrimination and retaliation against African American students, including ZARIAH.

252.    On or about May 12, 2022, Vice-Principal Twana Dollison, a representative, agent, or employee of OTHS and the Board, intentionally stated to ZARIAH and other African American students words to the effect of:  ***"All the dark skinned people are causing all of the problems lately."***.

253.    Niesha Anthony voiced complaints and concerns regarding the racist statement made by Vice-Principal Twana Dollison.

254.    Niesha Anthony reasonably and in good faith believed that the Board and its representatives, agents, and/or employees acted in a discriminatory and retaliatory manner toward ZARIAH and others with whom she associated.

255.    Niesha Anthony's actions described above constituted protected activities.

256.    Following Neisha Anthony's actions described above, a representative, agent, or employee of the Board, and the Board itself, retaliated against Niesha Anthony in one or more of the following respects:

a.    Refusing to conduct an investigation into the reports made by Niesha Anthony on behalf of ZARIAH that Vice-Principal Twana Dollison told a group of African American students, including ZARIAH, words to the effect of: **"All the dark-skinned people are causing all of the problems lately."**

b.    Disclosing to Vice-Principal Twana Dollison the identify of ZARIAH and Niesha Anthony;

c.    Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and Niesha Anthony;

d.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;

e.    Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

f.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway **"about me being a racist;"**

g.    Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway **"about me being a racist;"**

h.    Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway **"about me being a racist;"**

i.    Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway **"about me being a racist"** in determining the length of ZARIAH's Out-of-School Suspension;

    j.      Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* in determining whether to expel ZARIAH from OTHS;

    k.      Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway *"about me being a racist"* in determining the length of ZARIAH's expulsion from OTHS;

    l.      Suspending ZARIAH for ten (10) days;

    m.    Expelling ZARIAH for the remainder of the 2022-2023 school year;

    n.     Seeking to otherwise intimidate Niesha Anthony;

    o.     permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against Niesha Anthony, her daughter ZARIAH and others with whom she associated, for purposes of intimidating, punishing, and retaliating against Niesha Anthony for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

257.    White and/or non-African American parents of OTHS students were not retaliated against

258.    As a direct and proximate result of the Board's unlawful conduct, Niesha Anthony has suffered, and will continue to suffer, from severe humiliation, embarrassment, degradation, mental anguish, and emotional and physical distress.

WHEREFORE, Plaintiff Niesha Anthony prays for Judgment against Defendant OTHS and its Board and for relief in accordance therewith, including but not limited to:

(a)    Pecuniary damages, including such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(b)    Non-pecuniary damages, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    Prejudgment interest;

(d)    Attorneys' fees and costs; and

(e)    All other relief that the Court deems just and proper.

### COUNT 15
**Common Law Retaliation**
**ZARIAH and Niesha Anthony against the Board**

259.    Plaintiffs, ZARIAH and Niesha Anthony, repeat and reallege paragraphs 1 to 111 as if set forth fully herein.

260.    The Illinois General Assembly has found that a safe and civil school environment is necessary for students to learn and achieve and that bullying causes physical, psychological, and emotional harm to students and interferes with students' ability to learn and participate in school activities. 105 ILCS 5/27-23.7(a).

261.    The Illinois General Assembly has further found that bullying has been linked to other forms of antisocial behavior, such as vandalism, shoplifting, skipping and dropping out of school, fighting, using drugs and alcohol, sexual harassment, and sexual violence. 105 ILCS 5/27-23.7(a).

262.    Because of the negative outcomes associated with bullying in schools, the Illinois General Assembly has found that school districts, charter schools, and non-public, non-sectarian elementary and secondary schools should educate students, parents, and school district, charter school, or non-public, non-sectarian elementary or secondary school personnel about what behaviors constitute prohibited bullying.

263.     The Illinois General Assembly has declared that "[b]ullying on the basis of actual or perceived race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, gender-related identity or expression, unfavorable discharge from military service, association with a person or group with one or more of the aforementioned actual or perceived characteristics, or any other distinguishing characteristic is prohibited in all school districts, charter schools, and non-public, non-sectarian elementary and secondary schools. (105 ILCS 5/27-23.7(a))(*See also* OTHS Board of Education Policy 7:180).

264.     The Illinois General Assembly has declared that "No student shall be subjected to bullying . . . while in school, on school property, on school buses or other school vehicles, at designated school bus stops waiting for the school bus, or at school-sponsored or school-sanctioned events or activities."  (105 ILCS 5/27-23.7(a)(2))(*See also* OTHS Board of Education Policy 7:180).

265.     The OTHS Board has recognized that "[p]reventing students from engaging in these disruptive behaviors (bullying, intimidation, and harassment) and providing all students equal access to a safe, non-hostile learning environment are important District goals" and that "[b]ullying, intimidation, and harassment diminish a student's ability to learn and a school's ability to educate." (OTHS Board of Education Policy 7:180).

266.     Bullying is contrary to State law and the policy of the OTHS School District. (OTHS Board of Education Policy 7:180).

267.     The Illinois Bullying Prevent Act, 105 ILCS 5/27-23.7(e), expressly states: "This Section shall not be interpreted to prevent a victim from seeking redress under any other available civil or criminal law."

WHEREFORE, Plaintiffs Niesha Anthony and Zariah Anthony pray for Judgment against Defendant OTHS and its Board and for relief in accordance therewith, including but not limited to:

(a)    Pecuniary damages, including such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(b)    Non-pecuniary damages, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    Prejudgment interest;

(d)    Attorneys' fees and costs; and

(e)    All other relief that the Court deems just and proper.

### COUNT 16
### Violation of 42 U.S.C. § 1983 (Substantive Due Process)
### ZARIAH against the Board

268.    Plaintiff ZARIAH repeats and realleges paragraphs 1 to 111 as if set forth fully herein.

269.    The United States Constitution guarantees ZARIAH the right to protection against arbitrary government action, including the exercise of governmental power without any reasonable justification.

270.    Substantive due process requires that a student's right to public education not be withdrawn arbitrarily.

271.    OTHS and the Board, by and through its representatives, agents, and/or employees, arbitrarily exercised its governmental power without any reasonable justification in numerous ways, including without limitation by taking the following actions:

1.    Refusing to conduct an investigation into the reports made by or on behalf of ZARIAH that Vice-Principal Twana Dollison told a group

[M1172637.6]                    **Page 62 of 66**

of African American students, including ZARIAH, words to the effect of: ***"All the dark-skinned people are causing all of the problems lately."***

2.    Disclosing to Vice-Principal Twana Dollison the identity of ZARIAH and her mother, Niesha Anthony;

3.    Disclosing to Vice-Principal Twana Dollison the complaint made by ZARIAH and her mother, Niesha Anthony;

4.    Directing Vice-Principal Twana Dollison to call Niesha Anthony;

5.    Summarily finding, without conducting an investigation, that Vice-Principal Twana Dollison did not or could not make a racist statement to ZARIAH or other African American OTHS students;

6.    Recording on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

7.    Concealing and/or failing to disclose to ZARIAH and her mother that Vice-Principal Twana Dollison had recorded on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

8.    Failing to take action to remove the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist;"***

9.    Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist"*** in determining the length of ZARIAH's Out-of-School Suspension;

10.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway ***"about me being a racist"*** in determining whether to expel ZARIAH from OTHS;

11.   Reviewing and taking into consideration the report made by Vice-Principal Twana Dollison on ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal

Bickel and Superintendent Benway *about me being a racist"* in determining the length of ZARIAH's expulsion from OTHS;

12.   Suspending ZARIAH for ten (10) days;

13.   Expelling ZARIAH for the remainder of the 2022-2023 school year;

14.   Seeking to otherwise intimidate ZARIAH, a minor child;

15.   permitting, causing, or contributing to numerous other acts of discriminatory and retaliatory conduct against ZARIAH, her parent and others with whom she associated, for purposes of intimidating, punishing, and retaliating against ZARIAH for voicing opposition to the racially discriminatory acts of OTHS, the Board, its representatives, agents, and/or employees.

272.   Such actions were taken in violation of ZARIAH's substantive due process rights under the U.S. Constitution, and were intended to injure ZARIAH without any justifiable governmental interest.

WHEREFORE, Plaintiff ZARIAH ANTHONY prays for Judgment against Defendant OTHS and its Board and for relief in accordance therewith, including but not limited to:

(a)   Pecuniary damages, including such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(b)   Non-pecuniary damages, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)   Prejudgment interest;

(d)   Attorneys' fees and costs; and

(e)   All other relief that the Court deems just and proper.

### <u>COUNT 17</u>
**Preliminary and Permanent Injunctive Relief against the Board**

273.   Plaintiff ZARIAH repeats and realleges paragraphs 1 to 272 as if set forth fully herein.

274. ZARIAH has clearly ascertainable rights in need of protection.

275. ZARIAH will suffer irreparable injury if the Court denies injunctive relief.

276. No adequate remedy at law exists.

277. ZARIAH is entitled to a preliminary and permanent injunction against the Board.

WHEREFORE, Plaintiff ZARIAH ANTHONY prays for Judgment against Defendant OTHS and its Board and for relief in accordance therewith, including but not limited to:

(a)     Enjoining Defendant OTHS and its Board on a preliminary and permanent basis from enforcing its expulsion of ZARIAH;

(b)     Enjoining Defendant OTHS and its Board on a preliminary and permanent basis from maintaining in ZARIAH's "Student Discipline Report" that Niesha Anthony had called to complain to Principal Bickel and Superintendent Benway "about me being a racist," and directing Defendant OTHS and its Board to expunge all such record;

(c)     Enjoining Defendant OTHS and its Board on a preliminary and permanent basis from maintaining in its records that ZARIAH was disciplined or reprimanded in any manner, or violated any school policy, with respect to the September 6, 2022, attack by the Gang of Bullies, and directing Defendant OTHS and its Board to expunge all such record;

(d)     Enjoining Defendant OTHS and its Board on a preliminary and permanent basis from maintaining in its records that ZARIAH was suspended or expelled, and directing Defendant OTHS and its Board to expunge all such record;

(e)     Granting such other and further relief as the Court may deem equitable and just.

Respectfully Submitted,

MATHIS, MARIFIAN & RICHTER, LTD.

By     */s/Mark S. Schuver*                                
      Mark S. Schuver, #06197656
      Natalie T. Lorenz, #06309572
      23 Public Square, Suite 300
      P.O. Box 307
      Belleville, IL 62220
      Phone:  (618) 234-9800
      Fax:  (618) 234-9786
      mschuver@mmrltd.com
      nlorenz@mmrltd.com
      *Attorneys for Plaintiffs*