IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NIESHA ANTHONY, individually and as parent and next friend of ZARIAH ANTHONY, a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>O'FALLON TOWNSHIP HIGH SCHOOL DISTRICT 203 BOARD OF EDUCATION, TWANA DOLLISON, RICHARD BICKEL, AND DR. DARCY BENWAY,<br><br>    Defendants. | Case No. 3:23-CV-00967-SPM |

# HIPAA QUALIFIED PROTECTIVE ORDER

**McGLYNN, District Judge:**

  Before the Court is the parties' Agreed Motion for Entry of Protective Order. (Doc. 49). The parties seek a Qualified Protective Order in accordance with the Health Insurance Portability and Accountability Act ("HIPAA"). The Court finds that good cause exists for the entry of a Qualified Protective Order pursuant to HIPAA to prevent the unauthorized disclosure and to direct the use of protected health information ("PHI") during the course of this litigation. The Court finds that this Order is necessary to:

1. Protect a party's right to privacy as guaranteed by Article I, Section 6 of the Illinois Constitution for each party in this lawsuit;

2. Protect a party's right to remedy as guaranteed by Article I, Section 12 of the Illinois Constitution for each party in this lawsuit;

3. Ensure the parties' compliance with HIPAA and its accompanying rules and regulations governing the disclosure, maintenance, use, and disposal of PHI;

4. For purposes of this HIPAA Protective Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §160.103 and 164.501. "Protected health information" includes, but is not limited to: health information, including demographic information, relating to either (a) the past, present or future physical or mental condition of an individual; (b) the provision of care of an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual;

5. Require covered entities, as defined in 45 C.F.R. § 160.103, to disclose a party's PHI expressly provided in this Order as required pursuant to 45 C.F.R. 164.512(e) for use in this litigation without a separate disclosure authorization; however, nothing in this Order relieves any covered entity, party, their attorneys, agents, or representatives, consultants, other witnesses, and other personnel who request, receive, and/or review documents containing PHI, from complying with the additional requirements of the following statutes and regulations:

   a. Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILL. COMP. STAT. 110/1, *et seq.*;

   b. AIDS Confidentiality Act, 410 ILL. COMP. STAT. 305/1, *et seq.*;

   c. Alcoholism and Other Drug Abuse and Dependency Act, 20 ILL. COMP. STAT. 301/30-5, *et seq.*;

    d. Federal statute or regulation protecting certain drug and alcohol records, 42 U.S.C. §§ 290dd-3, 290ee-3; 42 C.F.R. Part 2;

    e. Genetic Information Privacy Act, 410 ILL. COMP. STAT. 512/15;

    f. Medical Patient Rights Act, 410 ILL. COMP. STAT. 50/1, *et seq.*;

    g. Physician and Patient, 735 ILL. COMP. STAT. 5/8-802(2) and (4);

    h. Any and all other applicable state and federal laws regulating or governing the request, review, or disclosure of PHI pertaining to Plaintiff, to the extent and subject to the conditions outlined herein.

6. Authorize the parties and their attorneys to receive, subpoena, and transmit PHI pertaining to the Plaintiff, to the extent and subject to the conditions outlined herein;

7. Permit the parties and their attorneys to use or disclose the Plaintiff's PHI for purposes of prosecuting or defending this action, including appeals in this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process;

8. Permit the parties and their attorneys to receive the Plaintiff's PHI from covered entities, business associates, and parties in the litigation, provided that the covered entities, business associates, and parties in this litigation disclose only the PHI expressly authorized in this Order;

9. Prohibit the parties and any other persons or entities from using or disclosing the Plaintiff's PHI for any purpose other than the litigation or proceeding for which it was requested as required by 45 C.F.R. 164.512(e)(l)(v)(A);

10. Require the return of the Plaintiff's PHI to the covered entity or the destruction of the information at the end of the litigation or proceeding as required by 45 C.F.R. 164.512(e)(l)(v)(B).

In accordance with the foregoing, the following is **ORDERED**:

1. The PHI of any party in this lawsuit may not be disclosed for any reason without that party's prior written consent or an order of this Court specifying the scope of the PHI to be disclosed, the recipients of the disclosed PHI, and the purpose of the disclosure. No consent to disclosure shall constitute a consent to re-disclose unless so specified in detail.

2. Pursuant to 45 C.F.R. §164.512(e)(1)(I), no subpoenas for information or tangible items pertaining to the Plaintiff shall be served by Defendant(s) without court order, unless by prior agreement of counsel.

3. The only disclosures permitted by this Order are:
    a. As ordered by this or another court or arbitral body or by subpoena with reasonable notice to the parties and their attorneys for purposes of subrogation, reimbursement, or payment of liens arising out of or related to this lawsuit;
    b. To the parties to this lawsuit and their agents; and
    c. As necessary to comply with any other federal or state laws, rules, or regulations, but only with the party's express consent and entry of an appropriate court order.

4. Any covered entity over which this Court has jurisdiction that fails or refuses to disclose PHI in accordance with this Order may be subject to all sanctions authorized by the Federal Rules of Civil Procedure.

5. A party to this lawsuit may provide PHI to an undisclosed consulting expert or controlled expert witness as defined in Illinois Supreme Court Rule 213(f)(3) but only after receiving written acknowledgment that each such expert or witness agrees to be bound by the terms of this order. Counsel shall take all other reasonable steps to ensure that person(s) receiving Plaintiff's PHI do not use or disclose such information for any purpose other than this litigation.

6. Within sixty (60) days after the conclusion of this litigation, including appeals, the party(ies), their attorneys, insurance companies and any person or entity in possession of the Plaintiff(s)' PHI received pursuant to this Order, shall return the Plaintiff(s)' PHI to the covered entity(ies) or destroy any and all copies of PHI pertaining to the Plaintiff(s), including any electronically stored copies or images, except that counsel are not required to secure the return or destruction of PHI submitted to the Court. "Conclusion of the Litigation" shall be defined as the point at which final orders disposing of the entire case as to any Defendant(s) have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant(s).

7. The parties are prohibited from including or attaching PHI to any document filed with the Clerk of Court without leave of the Court. PHI necessary for the Court's consideration of any matter must be provided separately.

8. Other than the party whose PHI is at issue or that party's attorneys, no parties or their agents are permitted to request, obtain, or disclose PHI or any other type of medical bills, records or related information other than through the formal discovery procedures authorized by the Federal Rules of Civil Procedure and orders of this Court.

9. All requests by or on behalf of any Defendant for PHI, including but not limited to subpoenas, shall be accompanied by a complete copy of this Order. The parties, including their insurers and counsel, are prohibited from using or disclosing PHI for any purpose other than this litigation. "Disclose" shall have the same scope and definition as set forth in 45 C.F.R. §106.103: "the release, transfer, provision of, access to, or divulging in any manner, of information outside the entity holding the information."

10. If any party utilizes the services of a third party to issue any subpoena for the PHI of the Plaintiff, it shall be the requesting party's obligation to ensure that this Order is complied with by the third party, including that the issuing subpoena and any accompanying correspondence comply with this Order.

11. This Court retains jurisdiction of the case after judgment or dismissal, for the purposes of ensuring compliance with this Order.

**IT IS SO ORDERED.**

**DATED:   March 18, 2024**

                                            s/ *Stephen P. McGlynn*
                                            **STEPHEN P. McGLYNN**
                                            **U.S. District Judge**