IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NIESHA ANTHONY, individually and as parent and next friends of ZARIAH ANTHONY, a minor,<br><br>**Plaintiff,**<br><br>v.<br><br>O'FALLON TOWNSHIP HIGH SCHOOL DISTRICT 203 BOARD OF EDUCATION, et al.,<br><br>**Defendants.** | Case No. 23-CV-00967-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Quash Subpoenas or in the Alternative for Protective Order, and Sanctions (Doc. 62) filed by Plaintiff Niesha Anthony on behalf of her herself and her minor daughter Zariah Anthony. Defendants O'Fallon Township High School ("OTHS") District 203 Board of Education, Twana Dollison, Richard Bickel, and Dr. Darcy Benway (collectively the "OTHS Defendants") filed a Response. (*See* Docs. 63, 66). Having been fully informed of the issues presented, Plaintiff Anthony's Motion to Quash is **GRANTED in part and DENIED in part**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises from incidents of alleged discrimination and retaliation against Niesha Anthony and her minor daughter Zariah Anthony by the OTHS

Defendants while Zariah was enrolled at OTHS during the 2021–22 (Ninth Grade) and 2022–23 (Tenth Grade) school years. (*See* Doc. 47).

Anthony initially filed a Complaint in state court in St. Clair County, Illinois on February 23, 2023. (*See* Doc. 1, Ex. A). The OTHS Defendants removed the case to federal court on March 24, 2023 (Doc. 1) and filed a Motion to Dismiss (Doc. 18) on May 3, 2023. This Court granted Anthony leave to file an amended complaint (Doc. 24), which was filed on July 31, 2023. (Doc. 26). Another Motion to Dismiss (Doc. 32) was filed on September 19, 2023, with Anthony responding on October 3, 2023. (Doc. 34). The Court held argument on November 29, 2023. (*See* Doc. 37). The Court granted the OTHS Defendants' Motion to Dismiss in part and denied it in part on January 23, 2024. (*See* Doc. 38). The Court entered a Scheduling Order on February 20, 2024. (Doc. 46). Anthony filed a Second Amended Complaint on February 21, 2024. (Doc. 47). Anthony filed the instant Motion contesting the issuance of fourteen subpoenas to various entities[1] on July 23, 2024. (Doc. 62). The OTHS Defendants responded on August 6, 2024. (Docs. 63, 66).

## APPLICABLE LAW AND LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need

---

[1] The subpoenas in dispute were issued to: Swansea Fire, Swansea Police, Ameren (the Plaintiff's electric and gas utility), Illinois American Water (the Plaintiff's water utility), Village of Swansea (the Plaintiff's sewage utility), Spectrum Cable & Wireless (a mobile phone provider), Verizon (a mobile phone provider), AT&T (a mobile phone provider), Hoyleton Youth and Family Services, One Hope United, Christone Enterprises, Urban Air, Freddy's Frozen Custard, and Claire's. (*See* Doc. 62, pp. 2–4).

not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing Fed. R. Civ. P. 26(b)(1)).

"A subpoena issued pursuant to Rule 45 is subject to the general relevancy standard for discovery described in Rule 26(b)(1)." *Hazlitt v. Apple Inc.*, No. 3:20-CV-421-NJR, 2021 WL 2457987, at *2 (S.D. Ill. June 16, 2021) (citing *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (applying Rule 26(b)(1) to a subpoena for hospital records)). "A court must quash or modify a subpoena, however, if it would subject a person to undue burden, and a court may quash or modify a subpoena if it would require disclosure of confidential information or sensitive commercial material." *Id.* (citing Fed. R. Civ. P. 45(d)(3)). "The party moving to quash bears the burden of persuasion and must show how the information requested is sensitive or creates an undue burden." *Id.* (citing *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (collecting cases)).

## ANALYSIS

Anthony argues that "[t]he fourteen (14) Subpoenas request information and documentation that have no bearing on the merits of this lawsuit." (Doc. 62, p. 4). She argues that, "[i]n seeking records related to both Plaintiffs' current and previous employment, their residence, and an unlimited review of their phone records, the

Defendants are engaging in a blatant fishing expedition searching for non-existent District violations and propensity evidence which are not admissible under Fed. R. Evid. 404(a)." (*Id.* (footnote omitted)). Anthony argues that the OTHS Defendants' request for phone records and text messages also violates attorney-client privilege. (*Id.*, p. 9). Anthony also seeks sanctions in the form of "an award of attorneys' fees for filing this motion after Defendants failed to provide Plaintiffs with sufficient notice of the subpoenas as required under Rule 45." (*Id.*, p. 10). Anthony argues that "while Defendants provided 'notice' of the subpoenas on July 9, 2024, Defendants proceeded to serve them on the non-parties within twenty-four (24) hours thereafter" and that "[s]uch a practice clearly violates Rule 45 in that the Defendants did not allow Plaintiffs sufficient time to object and have a good faith effort to resolve disputes over the requests in the subpoenas." (*Id.*, p. 11).

In their Response, the OTHS Defendants argue that Niesha and Zariah's testimony during their respective depositions indicated that "plaintiffs deliberately made false statements about their residence in order for Zariah to wrongfully obtain the benefits and services from the District." (Doc. 63, p. 2). The OTHS Defendants argue that because Anthony's "own complaint alleges that she has been deprived of and continues to be deprived of access to educational benefits of the District, the District is entitled to discovery on the issue of whether she actually resided in the District during relevant time periods and thus is entitled to such educational benefits." (*Id.*, p. 3). Regarding Anthony's request for sanctions, the OTHS Defendants argue that "[t]here is nothing in [Federal Rule of Civil Procedure 45] that requires a party to hold off on issuing the subpoena for any period of time after giving

notice to other parties." (*Id.*, p. 9). They also argue that "plaintiffs' actions, or rather inactions, after they received notice belie any claim that they were prejudiced by not being given at least 24 hours [sic] notice prior to service of the subpoenas" because "Defendants notified plaintiffs of the subpoenas on July 9, 2024 [and] Plaintiffs did not present defendants with objections until July 15, 2024, six days after receiving notice." (*Id.*). The OTHS Defendants argue that because "the phone companies are not able to supply the substance of any phone calls or text messages," instead only providing "a log of calls and text [sic] made and received and the length of the call," that "[n]o attorney-client privilege issues are at stake here." (*Id.*, p. 10). They argue that "Niesha Anthony not only misrepresented their living situation to the District in her residency affidavit, she continued her misrepresentations to Dr. Benway during the residency interview" as indicated by the fact that "Zariah testified under oath that she and mother have been living in Swansea for four years." (*Id.*). They argue that "[t]he evidence set forth in this response demonstrates that plaintiffs have made untruthful statements to the District before and during this litigation, that the information sought by the subpoenas are relevant to the plaintiffs['] damages claim, . . . and that sanctions are unwarranted." (*Id.*, p. 11).

Because Anthony has specifically alleged deprivation of education benefits in her lawsuit, it is clear that the matter of her and her daughter's domicile is highly relevant to this case. Because of this, the Court holds that the subpoenas to Ameren, Illinois American Water, the Village of Swansea, and Christone Enterprises are relevant and likely to lead to the discovery of admissible evidence. The same is true for employment applications and dates of employment. However, the Court does not

agree that Niesha and Zariah's disciplinary records from their employers are relevant in this case. The OTHS Defendants have not met their burden to demonstrate how Niesha and Zariah Anthony's potential disciplinary infractions at their respective employers are relevant to the issues at stake in this suit. Therefore, the subpoenas issued to Hoyleton Youth and Family Services, One Hope United, Urban Air, Freddy's Frozen Custard, and Claire's must be limited to Niesha and Zariah Anthony's applications for employment and dates of employment only.

Plaintiff's counsel has raised the issue of text messages that may contain material protected by the attorney-client privilege. (Doc. 62, p. 9). The OTHS Defendants insist that "the phone companies are not able to supply the substance of any phone calls or text messages" and that "[t]hey only produce a log of calls and text [sic] made and received and the length of the call." (Doc. 63, p. 10). Although the OTHS Defendants have indicated that they do not seek the contents of text messages sent and received from Niesha and Zariah Anthony's phones, out of an abundance of caution, the subpoenas issued to Verizon, AT&T, and Spectrum shall be limited to outgoing and incoming phone call records and shall exclude the content of text messages. Finally, the Court is not convinced that the subpoenas issued to Swansea Fire and Police requesting incident report records are relevant. While it could be argued that records of use of emergency services could indicate whether or not the Anthonys resided at their Swansea residence, the OTHS Defendants have not met their burden to indicate why these particular subpoenas are relevant, especially with the twelve other subpoenas issued to determine the exact same issue (the Anthonys' domicile). With these modifications and with the HIPAA Qualified Protective Order

(Doc. 52) and Confidentiality Order (Doc. 53) entered in this case, the Court holds that an additional protective order is not required.

Regarding Anthony's request for sanctions, the Court holds that the OTHS Defendants followed the appropriate procedures in accordance with Federal Rule of Civil Procedure 45—they are not required to wait to issue subpoenas until after Anthony responds with objections, as Rule 45(a)(4) states "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Anthony does not cite any Seventh Circuit caselaw to justify her argument that the Defendants' actions in issuing the subpoenas in question violated Federal Rule of Civil Procedure 45(a)(4); instead, they cite an out-of-circuit district court case from the Eastern District of Michigan. (*See* Doc. 62, p. 11 (citing *Bronson v. Henry Ford Health Sys.*, No. 2:15-CV-10111, 2016 WL 3197555, at *2 (E.D. Mich. June 9, 2016))). Therefore, the Court holds that the OTHS Defendants have not committed sanctionable conduct and this portion of Anthony's Motion does not survive scrutiny.

The Court notes that the deed for the Anthonys' Swansea property may be evidence that the Anthonys resided outside the O'Fallon School District while at the same time representing to this Court that they were living within the boundaries of the O'Fallon School District. (*See* Doc. 63, pp. 7–8). If the Anthonys fraudulently used O'Fallon's resources in the first place, this may prove fatal to their claims.

## DISPOSITION

In accordance with the foregoing, Plaintiff Anthony's Motion to Quash Subpoenas or in the Alternative for Protective Order, and Sanctions is **GRANTED in part and DENIED in part**. Anthony's Motion to Quash is **DENIED** with respect to the subpoenas issued to Ameren, Illinois American Water, the Village of Swansea, and Christone Enterprises. Anthony's Motion to Quash is **GRANTED in part** with respect to the subpoenas issued to Hoyleton Youth and Family Services, One Hope United, Urban Air, Freddy's Frozen Custard, and Claire's—the subpoenas shall be restricted to the "Application for employment; and Dates of employment." Regarding the subpoenas issued to Verizon, AT&T, and Spectrum, Anthony's Motion to Quash is **GRANTED in part**— the subpoenas for Verizon and Spectrum shall be restricted to "Any and all records pertaining to mobile services provided for the below-listed cell phone number, including but not limited to an itemization of all outgoing and incoming phone calls, call details, MUDs, and tolls for the date of August 2021 to November 2022 for the VERIZON phones 618-305-9797 and 618-353-4411" and the subpoena for AT&T shall be restricted to "Any and all records pertaining to mobile services provided for the below-listed cell phone number, including but not limited to an itemization of all outgoing and incoming phone calls, call details, MUDs, and tolls for the date of August 2021 to November 2022 for the ATT phone 618-353-4411." Finally, Anthony's Motion to Quash is **GRANTED** with respect to the subpoenas issued to Swansea Fire and Swansea Police—those subpoenas are hereby **QUASHED**.

This Court further **ORDERS** that any responses to the subpoenas that have been received from Hoyleton Youth and Family Services, One Hope United, Urban Air, Freddy's Frozen Custard, Claire's, Verizon, AT&T, Spectrum, Swansea Fire, or Swansea Police as a result of the subpoenas that the Court has ordered either quashed or are outside of the Court's restrictions are barred from use in this litigation to the extent that they include restricted records. Should the records be in transit, they shall be submitted to the Court for *in camera* review.

**IT IS SO ORDERED.**

**DATED: September 19, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
